**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

KELLY CHATMAN,

    *Plaintiff-Appellant,*

v.

TIME WARNER, INCORPORATED; TIME
WARNER ENTERTAINMENT COMPANY,
L.P.; WARNER BROS., INC.,

    *Defendants-Appellees.*

No. 01-2465

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
H. Brent McKnight, Magistrate Judge.
(CA-00-375-3-MCK)

Submitted: March 6, 2002

Decided: March 27, 2002

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kelly Chatman, Appellant Pro Se. Randel Eugene Phillips, James
William Haldin, MOORE & VAN ALLEN, Charlotte, North Caro-
lina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Kelly Chatman appeals from the magistrate judge's orders[1] (1) granting summary judgment in favor of Chatman's former employer on the ground that her claims were timed-barred; and (2) denying her Fed. R. Civ. P. 59(e) motion and motion to amend her complaint. Appellees have moved to dismiss the appeal as untimely. We deny the motion. Although the magistrate judge's order denying the Rule 59(e) motion and motion to amend is marked as "filed" on October 30, 2001, the district court records show that the judgment was entered on the docket sheet on November 1, 2001. Pursuant to Fed. R. Civ. P. 58 and 79(a), we consider the date the judgment was entered as the effective date of the magistrate judge's decision. *See Wilson v. Murray*, 806 F.2d 1232, 1234-35 (4th Cir. 1986). Thus, Chatman's notice of appeal, filed on December 3, 2001,[2] is timely.

Turning to the merits of the appeal, we have reviewed the record and the magistrate judge's opinions and find no reversible error. Accordingly, we affirm on the reasoning of the magistrate judge. *Chatman v. Time Warner, Inc.*, No. CA-00-375-3-MCK (W.D.N.C. Sept. 10, 2001; filed Oct. 30, 2001, and entered Nov. 1, 2001). We deny Appellees' motion to dismiss and to strike Chatman's informal brief and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[1] The parties consented to the exercise of jurisdiction by the magistrate judge in accordance with 28 U.S.C.A. § 636(c)(1) (West 1993 & Supp. 2001).

[2] The thirtieth day of the appeal period fell on Saturday, December 1, 2001. Chatman, therefore, had until Monday, December 3, to timely file her notice of appeal. *See* Fed. R. App. P. 26(a).